Albert Louis GORDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45880.

Court of Criminal Appeals of Texas.

March 21, 1973.

H. Edward Johnson, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William A. Knapp, William W. Chambers and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary; the punishment, five (5) years.

The record reflects that in the early morning hours of August 3, 1971, officers entered a Ft. Worth Dairy Queen store after discovering the door ajar and arrested appellant and a companion who were hiding behind a refrigerator at the rear of the store. Irvin Hobbs, the Dairy Queen manager, testified he locked the premises the night before the burglary and returned to the store early the next morning after receiving a telephone call from the police.

Appellant's first ground of error complains of the court's failure to grant his requested charge. Appellant testified that as he and his companion were passing the store on their way home, they saw the door was "wide open" and entered the premises to render assistance, thinking the owner, whom he knew, might be in trouble. He claims the court failed to adequately submit this defensive theory.

The court charged:

"There has been some testimony admitted before you to the effect that the Defendant entered the building in question for the purpose of rendering assistance, if needed. You are instructed that if you believe that the Defendant did enter the building in question for the purpose of rendering assistance, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict 'Not Guilty.' "

The court's charge was essentially the same as the requested one and, we have concluded, as favorable to appellant as the charge requested.

 Appellant's second ground of error complains that he was not permitted to answer a certain question propounded to him by his counsel. The record before us does not show what his answer would have been. Nothing is presented for review. Hays v. State, 480 S.W.2d 635 (Tex.Cr.App.).

Finding no reversible error, the judgment is affirmed.